UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HARRY CATTON,
    Plaintiff

CIVIL ACTION
FILE NO.

vs.

FLORIDA POWER & LIGHT COMPANY,

**JURY TRIAL DEMANDED**

    Defendant
_____/

## COMPLAINT

Plaintiff, HARRY CATTON, brings this action against Defendants FLORIDA POWER & LIGHT COMPANY ("FPL") on the grounds set forth herein.

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages based upon Defendant's violations of the Telephone Consumer Protection Act (hereinafter referred to as "TCPA"), 47 U.S.C. § 227 *et. seq*.

2. Plaintiff alleges that Defendant has unlawfully called Plaintiff's cellular telephone in direct contravention of the aforesaid statutes. Consequently, Plaintiff seeks injunctive relief, as well as damages and costs, in accordance with the TCPA.

3. The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice-…(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other

1

radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A).

## II.  PARTIES

4. Plaintiff HARRY CATTON is a natural person and consumer, a resident of Miami-Dade County, State of Florida, and was and is a "person" as defined by 47 U.S.C. § 153(39) and a person with standing to bring a claim under the TCPA by virtue of being directly affected by violations of the Act.

5. Defendant, FPL, is a corporation organized and existing under the laws of the State of Florida, having a principal place of business at 700 Universe Boulevard, Juno Beach, Florida 33408, and doing business in this District, and within the jurisdiction of this Court.

6. At all times relevant to this Complaint, FPL was and is a "person" as defined under 47 U.S.C. § 153(39).

7. At all times relevant to this Complaint, FPL has owned, operated, and or controlled "customer premises equipment" that originated, routed, and/or terminated telecommunications, as defined under 47 U.S.C. § 153(16).

8. At all times relevant to this Complaint, FPL engages in "telecommunications" as defined under 47 U.S.C. § 153(50).

9. At all times relevant to this Complaint, FPL has used, controlled, and/or operated "wire communications" as defined under 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

10. At all times relevant to this Complaint, FPL has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA. 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

### III. JURISDICTION AND VENUE

11. This court has jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227. Federal courts have jurisdiction over private suits arising under the TCPA. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

12. Venue in this District is proper because Plaintiff resides here and Defendant does business and places phone calls into this District.

### V. FACTUAL ALLEGATIONS

13. Upon information and belief, Defendant, FPL by and through its through its agents, representatives and/or employees acting within the scope of their authority, attempted to collect a debt from Plaintiff by using an automatic telephone dialing system to place numerous telephone calls to Plaintiff's cellular telephone and/or leaving numerous telephone messages by means of an artificial or prerecorded voice.

14. On or about November 1, 2013, Defendant left a message on Plaintiff's voice mail on his cellular telephone using an automatic telephone dialing system or a pre-recorded or artificial voice.

15. Defendant left similar or identical messages on other occasions using an automated telephone dialing system or pre-recorded or artificial voice on Plaintiff's cellular telephone. (Collectively, the "messages".)

16. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227 (b)(1)(A).

17. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placements of the calls.

## VI.  COUNT I
### Violation of the Telephone Consumer Protection Act

18. Plaintiff repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1 through 17.

19. Defendant, or others acting on its behalf, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice, in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, HARRY CATTON, prays that the Court grant the following relief in favor of the Plaintiff and against the Defendant, FLORIDA POWER & LIGHT COMPANY for:

1. Damages;
2. A declaration that Defendant's calls violated the TCPA;
3. A permanent injunction prohibiting Defendant from placing non-emergency calls to the Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and;
4. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all Issues.

Dated this 14th day of July, 2014.

> *Respectfully submitted,*
>
> DANIEL TAM, P.A.
> *Attorneys for Plaintiff*
> 1000 Fifth St., Ste. 200
> Miami Beach, FL 33139
> Telephone:   (305) 357-0518
> Facsimile:    (877) 684-6189
> dantamesq@me.com
>
> By: /s/ Daniel Tam
>         DANIEL TAM, ESQ.
>         FBN 60610